UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BLACKBURN, ) | |
| ) | Case No. 21-cv-1853 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| BNSF RAILWAY CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Robert Blackburn brings this employment discrimination claim against his employer BNSF Railway Company ("BNSF") alleging a hostile work environment based on race in violation of Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Before the Court is BNSF's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants BNSF's motion without prejudice.

**Background**

Construing his pro se allegations liberally, *Grzegorczyk v. United States*, 997 F.3d 743, 748 (7th Cir. 2021), Blackburn, who is African-American, has worked as a carman at BNSF's 3545 West 39th Street Chicago facility since November 2, 2018. Blackburn alleges that on June 16, 2020, his supervisor, foreman Jose Bautista, was talking to two journeymen and described Blackburn as "ten shades darker." Blackburn alleges that since this incident, his work environment has become hostile and uncomfortable because Bautista does not directly communicate with him. Blackburn further alleges that he formally reported this comment to BNSF, but no action was taken and no changes were made to the workplace.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency

of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

To prevail on a hostile work environment claim, a plaintiff must show that: (1) his work environment was both objectively and subjectively offensive; (2) the harassment was based on membership in a protected class; (3) the conduct was severe or pervasive as to alter the conditions of his employment and create a hostile or abusive atmosphere; and (4) a basis for employer liability. *Hackett v. City of South Bend*, 956 F.3d 504, 509 (7th Cir. 2020).

In its motion to dismiss, BNSF argues that Bautista's single comment made to Blackburn's co-workers was not severe or pervasive under the third hostile work environment factor. "Whether harassment qualifies as severe or pervasive depends on contextual factors such as 'the frequency of improper conduct, its severity, whether it is physically threatening or humiliating (as opposed to a mere offensive utterance), and whether it unreasonably interferes with the employee's work performance.'" *Mahran v. Advocate Christ Med. Ctr.*, 12 F.4th 708, 715 (7th Cir. 2021) (citation omitted). In short, "[t]o be severe or pervasive enough to create a hostile work environment, conduct must be 'extreme.'" *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 625 (7th Cir. 2018).

The Court recognizes that Bautista is Blackburn's supervisor and that courts treat a "supervisor's use of racially toxic language in the workplace as much more serious than a co-worker's." *Gates v. Board of Educ. of the City of Chicago*, 916 F.3d 631, 638 (7th Cir. 2019). That said, the one inappropriate comment "ten shades darker" was not directed at Blackburn, but was used to

2

describe Blackburn to his co-workers, and it was not threatening. *See Mahran*, 12 F.4th at 715. Although the Court understands that in some circumstances this comment can be hurtful and offensive, it is well-established that "offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 ,118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). As the Seventh Circuit has reasoned, "[w]e assume employees are generally mature individuals with the thick skin that comes from living in the modern world," and "[a]s a result, employers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace." *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018).

Last, Blackburn's assertion that since the incident, Bautista does not directly speak to him does not save the day because whether Bautista, as a supervisor, was "standoffish, unfriendly, or unapproachable" does not establish an objectively hostile work environment. *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021).

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss brought pursuant to Rule 12(b)(6) without prejudice [18]. If plaintiff wishes to file an amended complaint, he must do so before November 5, 2021.

IT IS SO ORDERED.

Date: 10/15/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge