UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BLACKBURN, | ) | |
| | ) | Case No. 21-cv-1853 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| BNSF RAILWAY CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Robert Blackburn brings this employment discrimination claim against his employer BNSF Railway Company ("BNSF") alleging a hostile work environment based on race in violation of Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. On October 15, 2021, the Court granted BNSF's motion to dismiss Blackburn's original complaint under Federal Rule of Civil Procedure 12(b)(6), and granted Blackburn leave to file an amended complaint. On November 4, 2021, Blackburn filed a pro se amended complaint that BNSF now seeks to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants BNSF's Rule 12(b)(6) motion to dismiss.

**Background**

Viewing his pro se allegations liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Blackburn, who is African-American, has been a Carman at BNSF's 3545 West 39th Street Chicago facility since November 2018. Blackburn alleges that on June 16, 2020, his supervisor, foreman Jose Bautista, was talking to two of his co-workers and described Blackburn to them as "ten shades darker." Blackburn reported this incident to Bautista's manager, Michael Hayes, who said he would investigate it. Since the June 2020 incident, Blackburn alleges that his work

environment has become hostile and uncomfortable because Bautista does not directly communicate with him.

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## Discussion

To prevail on a hostile work environment claim, a plaintiff must eventually prove that: (1) his work environment was both objectively and subjectively offensive; (2) the harassment was based on membership in a protected class; (3) the conduct was severe or pervasive enough to create a hostile work environment; and (4) a basis for employer liability. *Howard v. Cook County Sheriff's Office*, 989 F.3d 587, 600 (7th Cir. 2021); *Hackett v. City of South Bend*, 956 F.3d 504, 509 (7th Cir. 2020).

In the present motion, BNSF contends that Bautista's single comment made to Blackburn's co-workers was not severe or pervasive as required under the third hostile work environment factor. "Whether harassment qualifies as severe or pervasive depends on contextual factors such as 'the frequency of improper conduct, its severity, whether it is physically threatening or humiliating (as opposed to a mere offensive utterance), and whether it unreasonably interferes with the employee's work performance.'" *Mahran v. Advocate Christ Med. Ctr.*, 12 F.4th 708, 715 (7th Cir. 2021) (citation omitted). In short, "[t]o be severe or pervasive enough to create a hostile work environment, conduct must be 'extreme.'" *Howard*, 989 F.3d at 600 (citation omitted).

2

The Seventh Circuit has held that a one-time use of a racial epithet not directed at the plaintiff is not severe enough to trigger hostile work environment liability unless there are other harassing incidents involved. *See Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 601-02 (7th Cir. 2014); *Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 566–67 (7th Cir. 2004). The fact that Bautista does not talk directly to Blackburn is not considered a harassing incident under Seventh Circuit law. *See Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (supervisor's "standoffish, unfriendly, and unapproachable" conduct does not establish an objectively hostile work environment).

The Court recognizes that Bautista is Blackburn's supervisor and that courts treat a "supervisor's use of racially toxic language in the workplace as much more serious than a co-worker's." *Gates v. Board of Educ. of the City of Chicago*, 916 F.3d 631, 638 (7th Cir. 2019). That being said, the one inappropriate comment "ten shades darker" was not directed at Blackburn, but was used to describe Blackburn to his co-workers. *See Mahran*, 12 F.4th at 715. Also, the comment was not threatening. Although the Court understands this comment can be hurtful and offensive, it is well-established that "offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 ,118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *see, e.g., Mahran*, 12 F.4th at 716. In sum, "[d]iscrimination laws do not mandate admirable behavior from employers, through their supervisors or other employees. Instead, the law forbids an employer from creating an actionably hostile work environment for members of protected classes." *Johnson v. Advocate Health & Hosp. Corp.*, 892 F.3d 887, 901 (7th Cir. 2018) (citation omitted).

The Court therefore grants BNSF's motion to dismiss. Because the Court gave Blackburn the opportunity to re-allege his hostile work environment claim, the Court's dismissal is with

prejudice. *See White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021); *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.,* 786 F.3d 510, 520 (7th Cir. 2015).

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss brought pursuant to Rule 12(b)(6) with prejudice [24]. Civil case terminated.

IT IS SO ORDERED.

Date: 2/7/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge